IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:07-CR-58-SDJ-KPJ |
| | § | |
| DERRICK KYLE OLIPHANT (10) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Derrick Kyle Oliphant's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on May 2, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Lesley Brooks.

Defendant was sentenced on April 16, 2008, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with·Intent to Distribute Cocaine and Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. Defendant was subsequently sentenced to 200 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, $100 special assessment, and a 5-year period of federal benefits ineligibility. On October 11, 2019, Defendant completed his period of imprisonment and began service of the supervision term. On September 10, 2019, this case was reassigned to U.S. District Judge Sean D. Jordan. On October 4, 2019, an Order Regarding Motion for Sentence

Reduction Pursuant to Section 404 of the First Step Act was executed, therein reducing the sentence to 151 months imprisonment followed by a 3-year term of supervised release. Additionally, on November 4, 2020, the Court imposed the special condition of mental health treatment. On August 5, 2021, the Court imposed a special condition prohibiting contact with Dequann Shenece Tarver.

On January 31, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 517, Sealed]. The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (2) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (3) You must not communicate, or otherwise interact, with Dequann Shenece Tarver either directly or through someone else, without first obtaining the permission of the probation officer; and (4) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated- with treatment and testing [Dkt. 517 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On March 10, 2021, Defendant was instructed by the U.S. Probation Officer to cease all contact with Ms. Dequann Tarver. On June 11, 2021, Allen Police Department responded to an Assault Family Violence and Theft incident between Ms. Tarver and Defendant. Defendant was at Ms. Tarver's residence attempting to retrieve belongings. Defendant alleges to have been the victim of assault and theft

of property. On June 26, 2021, Allen Police Department responded to a Criminal Mischief incident, as Defendant reported being in Ms. Tarver's vehicle when a verbal dispute ensued. Ms. Tarver is alleged to have thrown an object at the windshield of Defendant's vehicle. On August 1, 2021, McKinney Police Department responded to a report of Unauthorized Use of a Vehicle, wherein Defendant is alleged to have unlawfully taken possession of Ms. Tarver's vehicle. On August 3, 2021, Defendant admitted to the probation officer that he was with Ms. Tarver on August 1, 2021. He advised that he drove her vehicle to a safe location and left it, as they were having a verbal dispute and she would not transport him to his residence as requested; (2) (3) On January 19, 2022, Defendant contacted and was interviewed by Little Elm Police Department, as he reported being in Ms. Tarver's vehicle and being threatened by her, as she possessed a firearm. Defendant advised law enforcement that he and Ms. Tarver were having a verbal dispute and she would not transport him to his residence as requested. As of this writing, Defendant has failed to notify the probation officer of this law enforcement contact on January 19, 2022; and (4) On December 30, 2021, Defendant was unsuccessfully discharged from mental health treatment by Fletcher Counseling, Plano, Texas [Dkt. 517 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations. Having considered the Petition and the plea of true to allegations 1 through 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 527, 528].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for an additional term of imprisonment of ten (10) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 31st day of May, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE